IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SATIRA SHIPPING COMPANY LTD., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 24-1202 (MN) |
| | ) |
| GLOBAL AMERICAN TRANSPORT LLC, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM ORDER

At Wilmington, this 15th day of August 2025;

WHEREAS, on July 7, 2023, Petitioner Satira Shipping Company Ltd. ("Petitioner") and Respondent Global American Transport LLC ("Respondent") entered into a shipping charter contract ("the Charter") (*see* D.I. 11 ¶ 7; D.I. 17-1 ¶ 3 & Ex. 1);

WHEREAS, on August 15, 2024, after a dispute between the parties for breach of the Charter was brought before an arbitrator in London, England ("the Arbitrator"), the Arbitrator awarded Petitioner a partial final arbitration award of $83,293.30 plus interest, which Petitioner calculates to be $7,416.65 as of June 10, 2025,[1] making the total requested $90,709.95 ("the First Award") (*see* D.I. 11 ¶¶ 18-19; D.I. 17-1 ¶¶ 4-5 & Ex. 2);

WHEREAS, on October 29, 2024, Petitioner filed a petition in this Court ("the Petition") for enforcement of the First Award against Respondent pursuant to the Federal Arbitration Act and Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 1 & 201, *et. seq.*, (D.I. 1), a copy of which was duly served on Respondent that same day (D.I. 6; D.I. 7 ¶ 5);

---

[1]  All interest figures discussed in this Order have been calculated through June 10, 2025 and remain the most up-to-date figures provided to the Court. (*See* D.I. 17-1).

1

WHEREAS, as of November 21, 2024, Respondent did not answer the Petition, file an appearance, or otherwise move (D.I. 7 ¶ 7);

WHEREAS, on December 5, 2024, Petitioner filed a Request for Entry of Default as to Respondent (D.I. 8), a copy of which was duly served on Respondent that same day (*id.* ¶ 7);

WHEREAS, on December 18, 2024, the Clerk of Court entered a Clerk's Entry of Default as to Respondent (D.I. 9), a copy of which was duly served on Respondent on December 26, 2024 (D.I. 10);

WHEREAS, on December 20, 2024, the Arbitrator awarded Petitioner a second partial final award of $38,199.50 in principal, $25,002.47 in costs on the First Award, and $11,588.98 in costs on the second award, as well as interest on all of these amounts, which Petitioner calculates to be $4,111.91 on the principal, $1,339.77 on the costs of the First Award, and $621 on the costs of the second award, for a total of $80,863.68 ("the Second Award") (D.I. 11 ¶¶ 29-32; D.I. 17-1 ¶¶ 6-7 & Ex. 3 ¶¶ 56-59);

WHEREAS, on February 7, 2025, the Arbitrator awarded Petitioner a third partial final award of $225,000 in principal and $2,635.40 in costs, again with interest on both, which Petitioner calculates to be $7,600.81 on the principal and $62.40 on the costs, for a total of $235,298.61 ("the Third Award," and, together with the First and Second Awards, "the Arbitration Awards") (D.I. 11 ¶¶ 33-35; D.I. 17-1 ¶¶ 8-9 & Ex. 4 ¶¶ 22-25);

WHEREAS, on February 28, 2025, Petitioner filed its First Amended Petition to Confirm and Enforce the Arbitration Awards ("the Amended Petition") (D.I. 11), which was duly served on Respondent on March 3, 2025 (D.I. 13);

WHEREAS, on March 28, 2025, Petitioner filed a renewed Request for Entry of Default as to Respondent (D.I. 14), a copy of which was duly served on Respondent that same day (*id.* ¶ 7; D.I. 14-1 ¶ 14);

WHEREAS, on May 20, 2025, the Clerk of Court entered a second Clerk's Entry of Default as to Respondent (D.I. 15), a copy of which was duly served on Respondent that same day (D.I. 16);

WHEREAS, on June 16, 2025, Petitioner filed a motion for default judgment (D.I. 17), a copy of which was duly served on Respondent that same day (D.I. 17-3); and

WHEREAS, Respondent has not responded to the motion, answered either petition, filed an appearance, or taken any other action in this case (*see* D.I. 17 at 2; 17-1 ¶ 10).

THEREFORE, IT IS HEREBY ORDERED that, for the reasons set forth below, Petitioner's motion for default judgment against Respondent (D.I. 17) is **GRANTED**.

1. "Entry of default judgment is a two-step process." *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010). First, the movant must request that the Clerk of Court enter a default against the respondent that has failed to answer the pleading or otherwise defend itself. *Id.*; Fed. R. Civ. P. 55(a). After default has been entered by the Clerk, a movant may obtain a default judgment. Fed. R. Civ. P. 55(b); *Talley v. Clark*, 111 F.4th 255, 262 n.2 (3d Cir. 2024). If the movant seeks relief in the form of a sum certain, it may obtain a default judgment from the Clerk. Fed. R. Civ. P. 55(b)(1); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1147 (3d Cir. 1990). Otherwise, "the party seeking default judgment must apply to the court for an entry of default judgment." *Tristrata*, 270 F.R.D. at 164; Fed. R. Civ. P. 55(b)(2).

2. Courts have discretion over whether to enter a default judgment in a particular case. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). The Court considers three factors

in determining if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). For purposes of that determination, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*, 47 F.4th 156, 161 (3d Cir. 2022) (citation omitted). With respect to damages, the plaintiff must prove its entitlement to the award it seeks. *Id.*

3. As to the first factor, the Amended Petition plausibly asserts that Petitioner is entitled to enforcement of the Arbitration Awards. *See Ilyich Mariupol Iron & Steel Works v. Argus Devs. Inc.*, No. 12-832 (LPS), 2013 WL 1222699, at *2 (D. Del. Mar. 26, 2013). Taking the Amended Petition's allegations as true, Petitioner "would suffer prejudice by being deprived of the recovery of a significant sum of money." *Insight Invs., LLC v. Bos. Mkt. Corp.*, No. 23-1077 (GBW), 2024 WL 1637320, at *3 (D. Del. Apr. 16, 2024).

4. Second, Respondent has not answered or rebutted the claims in the Amended Petition. (*See* D.I. 17 at 2; D.I. 17-1 ¶ 10). Therefore, "[i]t is not apparent that [Respondent] has a litigable defense given its failure to respond to the action." *J & J Sports Prod., Inc. v. M&I Hosp. of Delaware Inc.*, No. 15-353 (MN), 2018 WL 6040254, at *2 (D. Del. Nov. 19, 2018); *Skeway v. China Nat. Gas, Inc.*, No. 10-728 (RGA), 2015 WL 451435, at *1 (D. Del. Jan. 30, 2015).

5. Third, "[d]espite being properly informed and served, [Respondent] has failed to participate in this action." *Ilyich Mariupol*, 2013 WL 1222699, at *2; (D.I. 17 at 2; D.I. 17-1 ¶ 10). Like D.B. Cooper and Waldo, no one is quite sure where Respondent is. It "has no reason for its failure to abide by the parties' contracts, nor any excuse for its failure to appear." *Insight*, 2024 WL 1637320, at *3. Accordingly, "it can be inferred that the 'delay is due to culpable conduct.'"

*M&I Hosp.*, 2018 WL 6040254, at *2 (quoting *Skeway*, 2015 WL 451435, at *1). Therefore, a judgment of default is warranted.

6. As to damages, the Amended Petition asserts that, pursuant to the Arbitration Awards of $90,709.95, $80,863.68, and $235,298.61, Respondent is liable for a total of $406,872.24. (D.I. 17-1 ¶¶ 4-9 & Exs. 2-4). In support, Petitioner submits the Charter, sworn declarations, and the Arbitration Awards. (*See* D.I. 17-1 & Exs. 1-4). That evidence is uncontroverted. Thus, the Court finds that damages of $406,872.24 are appropriate. *See Insight*, 2024 WL 1637320, at *3.

7. Default Judgment will be entered against Respondent in the amount of $406,872.24. Petitioner is additionally entitled to post-judgment interest at a rate of 3.91%, to be calculated from the date of the judgment through the date of actual collection. *See* 28 U.S.C. § 1961(a) ("Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."). Petitioner may also move for costs. Fed. R. Civ. P. 54(d)(1).

IT IS FURTHER ORDERED that Petitioner shall mail a copy of this Memorandum Order and accompanying Default Judgment to Respondent and shall file a certificate of service evidencing the same.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge